UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 2:12-CR-408-VEH-HGD |
| | ) | |
| KEITH WILSON KELLEY | ) | |

### O R D E R

**I.  PROCEDURAL HISTORY**

On November 7, 2012, the Magistrate Judge's Report and Recommendation (Doc.12) was entered with respect to the Defendant's motion (Doc. 9), filed on October 31, 2012, to dismiss the charge against him.  On November 9, 2012, Defendant filed objections (Doc. 13) to the Magistrate Judge's Report and Recommendation.[1]  The grounds for the Defendant's objections are set out in full below.

1. The Defendant filed a Motion to Dismiss the information filed in this case on October 31, 2012.

2. No hearing was ever scheduled before the Honorable Harwell G. Davis, Magistrate Judge.  The Court entered a Report and

---

[1] After the Defendant objected to the Report and Recommendation, the Government responded (Doc. 15) to the Defendant's Motion to Dismiss.

> Recommendation finding that the Defendant's Motion to Dismiss was due to be denied on November 7, 2012[.]
>
> 3. The Court issued a Report and Recommendation setting forth specific findings of facts and conclusions of law.
>
> 4. The Defendant objects to the findings of facts and conclusions of law set forth in the Magistrate's Report and Recommendation.
>
> 5. The Defendant alleges and asserts that the Magistrate Judge failed to afford him procedural due process of law by summarily denying his Motion to Dismiss without affording him an opportunity for a hearing on the Due Process issues contained in his initial pleadings.

(Doc. 13 at 1–2.)

## II. STANDARD OF REVIEW

The procedure by which a Magistrate Judge makes recommendations, rather than final factual determinations or rulings, is set forth statutorily in 28 U.S.C. § 636, which states in part that:

> **(b)(1)** Notwithstanding any provision of law to the contrary–
>
> > **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the

pleadings, for summary judgment, <u>to dismiss or quash an indictment or information made by the defendant</u>, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) <u>where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.</u>

**(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

**(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. <u>A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made</u>. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (footnote omitted) (emphasis by underlining added).

Regarding the *de novo* review requirement in particular, the district court's obligation is to independently review <u>those portions of the record to which objections are made</u>, as opposed to the entire record. *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*.");[2] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires 'a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'") (citations omitted).[3]

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] In *Washington*, the district judge's order adopting the Magistrate Judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and <u>the Court having made a *de novo* review of the objections raised by the Petitioner</u> and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

648 F.2d at 282 (emphasis added) (citation omitted).

## III. ANALYSIS

The Defendant does not identify <u>any</u> specific facts or conclusions to which he objects. Thus, to the extent that the Defendant wished to object to any findings of fact, he has waived those objections.[4, 5]

"Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted). It is incumbent upon the parties to timely raise any objections that they may have regarding a Magistrate Judge's findings contained in a Report and Recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the Magistrate Judge level. *See, e.g., U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the Magistrate Judge, he did not raise this issue in his

---

[4] The court believes that the Defendant did not want to object to any findings of fact, as the Magistrate Judge made none. The Magistrate Judge simply accepted the facts as alleged by the Defendant, and then applied the law to those facts.

[5] A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x. 781, 784 (11th Cir. 2006).

appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider or to decline to consider arguments that were not raised before the Magistrate Judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d at 410 n. 8 (11th Cir. 1982). "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the Magistrate Judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). Thus, based on the Defendant's failure to identify the factual findings to which he objects, much less any evidence which controverts those findings, the court **OVERRULES** such objections.

Further, the Defendant has failed to identify what legal conclusion he objects to. Apparently, he does not object to any conclusion, but asserts that the fact that the Magistrate Judge issued his Report and Recommendation "without affording [the

Defendant] an opportunity for a hearing on the Due Process issues contained in [the Defendant's motion to dismiss the information]."

First, the court notes initially that the Defendant did not request a hearing. Further, the Defendant cites no authority for the proposition that a court cannot rule on a motion to dismiss an information or indictment without first holding a hearing, and this court has found none. Finally, the Defendant has failed to identify in what manner he was harmed by the failure to hold a hearing. As stated above, the Magistrate Judge implicitly accepted all of the Defendant's factual allegations as true. Even if he did not, as stated above, the Defendant has waived any objection to any factual findings by the Magistrate Judge.

The issue before the Magistrate Judge was a pure legal issue, and the Magistrate Judge treated it as such. The Defendant has failed to identify how the Magistrate Judge's legal conclusion was error, much less "clear error." As the Magistrate Judge accurately stated, "[t]he only cases resulting in the dismissal of charges against a Defendant pursuant to the *Petite* policy have occurred when the motion to dismiss was made by the United States. It has never successfully been applied proactively by a Defendant to dismiss a criminal charge. Because the *Petite* policy does not provide a Defendant with a constitutional right, he has no right to compel its enforcement in his favor." (Doc. 12 at 4.)

## IV. CONCLUSION

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation and the Defendant's objections thereto, and having reviewed the unobjected-to legal conclusions for clear error, the court hereby **ADOPTS** the report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge.

It is, therefore, **ORDERED**, **ADJUDGED**, and **DECREED** that the Motion to Dismiss (Doc. 9) filed by Defendant, Keith Wilson Kelley, is due to be, and hereby is, **DENIED**.

**DONE** this the 28th day of November, 2012.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge